UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SRS, INC.,

        Plaintiff,

v.                                           Civ. Action No. 07-6122 (KSH)

AIRFLEX INDUSTRIAL, INC.,

        Defendant.                           **OPINION**

**Katharine S. Hayden, U.S.D.J.**

**I. INTRODUCTION**

      This matter comes before the Court upon the oral Report and Recommendation of Magistrate Judge Shwartz, read into the record on May 5, 2008 (D.E 17). The Court received objections to her report from plaintiff SRS, Inc. ("SRS") (D.E. 16), and has reviewed her recommendations de novo. For the reasons expressed in Magistrate Judge Shwartz's oral opinion and for those contained herein, the Report and Recommendation of Magistrate Judge Shwartz is adopted and incorporated as the Opinion of this Court. Accordingly, this Court denies defendant Airflex Industrial, Inc.'s ("Airflex") motion to dismiss for lack of personal jurisdiction and grants defendant's motion to dismiss based upon *forum non conveniens*.

      SRS objects to the recommendation that the case be dismissed for *forum non conveniens* on the following grounds:

> 1. The Magistrate Judge misconstrued plaintiff's position as to the choice-of-forum clause. Defendant does not deny that the choice of forum clause exists in one document; plaintiff contends that it never executed that document or expressly assented to the choice of-forum language.

1

2. Whether the plaintiff assented to the choice-of-forum language is a question of fact which cannot be decided from conflicting affidavits; a hearing on that issue should have been held.

3. The weight given to the choice-of-forum language by the Magistrate Judge is excessive under Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22 (1988).

4. The Magistrate Judge's consideration of the "burden" of jury duty is entirely inapposite; neither party has demanded trial by jury.

5. The sole affidavit submitted in support of defendant's application contains no facts relating to the forum non conveniens aspect of the application other than the alleged agreement as to the choice of forum language; the Magistrate Judge's conclusions as to the various "balancing tests" are without any factual basis in the record.

6. The Magistrate Judge's conclusion that there is no alternative to recommending dismissal of the case so that it can be filed in the appropriate forum is incorrect; defendant's application can be treated as an application for transfer of venue under 28 U.S.C., § 1404, and, if there is any factual basis for finding that New York is a more convenient forum, the case should be transferred to either the Federal District Court for the Southern District of New York or the Federal District Court for the Eastern District of New York; if the latter transfer were made and a view of the project were desirable, the view could be had in the same courthouse in which the matter would be tried.

## II. BACKGROUND

This case arises from a contract between SRS and Airflex. Airflex is a manufacturer, fabricator, and installer of custom architectural metalwork, which has its only offices in Farmingdale, New York, located in Suffolk County on Long Island, and conducts no business in New Jersey. SRS, a New Jersey corporation with offices located in Metuchen, New Jersey, engages in design, manufacture, and installation of railings and decorative metalwork. Starting in 2002, Airflex worked as a metalwork subcontractor on the construction of a new federal courthouse for the U.S. District Court for the Eastern District of New York, located at Cadman Plaza, Brooklyn ("the Brooklyn Project"). SRS served as subcontractor to Airflex for the Brooklyn Project, furnishing decorative metal railings and providing installation services. According to SRS, however, Airflex failed to pay the contract price to SRS. When these

payment-related disputes arose in 2007, SRS filed suit in U.S. District Court for the District of New Jersey.  Airflex moved to dismiss SRS's complaint on the bases of personal jurisdiction and *forum non conveniens*.  A forum selection clause designating the Supreme Court of New York, Suffolk County, contained in paragraph 19 of an Airflex purchase order that was allegedly issued to SRS, is central to Magistrate Judge Shwartz's recommendation that the case be dismissed for *forum non conveniens*.

Airflex states that it invited material suppliers and sub-subcontractors to bid on portions of the Project, by which process it negotiated price and terms for subcontracted work with SRS for the Brooklyn Project.  SRS tells it differently:  that Airflex specifically sought SRS's services in 1995 and thereafter on other projects not related to this action.  SRS states that Airflex first solicited its services for the Brooklyn Project in 2000, and, after protracted negotiations through writings and in-person meetings, SRS made and finished the railings in New Jersey and installed them in Brooklyn, New York.  SRS says that only four written purchase orders were used in the course of the Brooklyn Project, that only one of these contained the content from the reverse side, and that none of the ones SRS actually received had the forum selection clause printed on it.  SRS contends that it never specifically agreed to resolve disputes in any particular court.

In contrast, Airflex states that it issued purchase order number 18464 to SRS, which, on the reverse side, contained a forum selection clause stating:  "Disputes, shall they occur, will be settled in Suffolk County Supreme Court, Riverhead LI."  Airflex counters SRS's denial that it ever received the purchase order containing the forum selection clause by observing that SRS included the full purchase order (with the forum selection clause) as Exhibit D to its brief's supporting affidavit, thereby proving receipt of it.

**III. REVIEW OF THE MAGISTRATE'S REPORT & RECOMMENDATION**

**A. Personal Jurisdiction**

Magistrate Judge Shwartz recommended denial of Airflex's motion to dismiss for lack of personal jurisdiction, to which no objections have been filed. The Court found that general personal jurisdiction did not exist over Airflex in New Jersey, but that specific personal jurisdiction in this particular lawsuit could be exercised over Airflex by a New Jersey state or federal court.

Magistrate Judge Shwartz undertook a careful examination of the law and facts bearing on specific personal jurisdiction and found Airflex's acts "purposely availed" itself of doing business in New Jersey. (R&R, 17:17-25.) The record supports this conclusion, showing that Airflex reached into New Jersey during negotiation by sending letters, purchase orders, and faxes between 2000 to 2005. (Bellware Aff., Exhs. B, C, E, G, I, and J.) In sum, Magistrate Judge Shwartz correctly found that personal jurisdiction is proper in the District of New Jersey, which SRS does not contest. The Court adopts Magistrate Judge Shwartz's conclusions and reasoning supporting the denial of Airflex's motion to dismiss for lack of personal jurisdiction.

**B. *Forum Non Conveniens***

Magistrate Judge Shwartz recommended that this Court dismiss the action on *forum non conveniens* grounds. Because the *forum non conveniens* ruling would result in the case's dismissal for re-filing in the appropriate forum, SRS's objections to the Report and Recommendation are directed towards her recommendation to dismiss on *forum non conveniens* grounds.

Today, 28 U.S.C. § 1404 governs transfers between district courts. The common law doctrine of *forum non conveniens* survives in federal courts to apply only where the alternative forum is a state court or the court of foreign country. See Tantus Prods., Inc. v. Lloyd, No. 86-

1535, 1988 WL 48511, *3 (6th Cir. 1988). Here, Airflex contended based upon a forum selection clause that the alternative forum was the Supreme Court of New York, Suffolk County. Magistrate Judge Shwartz agreed, recommending dismissal in recognition of that being a more appropriate forum.

When considering a motion to dismiss based on *forum non conveniens*, a district court must weigh four issues: (1) the availability of an alternative forum; (2) the amount of deference to be accorded to the plaintiff's choice of forum; (3) the private interest factors; and (4) the public interest factors. Tech. Dev. Co., Ltd. v. Onischenko, 174 Fed. App'x 117, 119-20 (3d Cir. 2006). The defendant must demonstrate that an adequate alternative forum exists as to all defendants, and that public and private interest factors weigh heavily for dismissal. Lacey v. Cessna Aircraft Co., 862 F.2d 38, 44 (3d Cir.1988). To bear its burden in arguing *forum non conveniens*, the "amount of information that a defendant must provide depends upon the facts of the particular case." Id.

The first inquiry of whether an alternative forum exists is usually satisfied where "the defendant is amenable to process in the other jurisdiction." See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255 n.22 (1981). Here, the defendant is a New York corporation with its principal place of business in New York. (Comp. ¶ 2.) Airflex is subject to process in New York, satisfying the Court that an adequate alternative forum exists. See N.Y. C.P.L.R. 311 .

Second, the Court must weigh the amount of deference due to SRS's choice of forum in the District of New Jersey. The usual deference given to a plaintiff's choice of forum may be overcome by a forum selection clause. Foley & Lewis Racing, Inc. v. Burling, 2008 U.S. Dist. LEXIS 14612 (D.N.J. Feb. 27, 2008) ("[W]hile courts normally defer to a plaintiff's choice of forum, such deference is inappropriate where the plaintiff has already freely contractually chosen

5

an appropriate venue" (quoting Jumara v. State Farm Ins. Co., 55 F.3d 873, 879-80 (3d Cir. 1995)). And here we come to the heart of the matter. The dispute centers on the viability of the forum selection clause included in one or more purchase orders sent by Airflex to SRS. If the Court finds the forum selection clause is valid and enforceable, then less deference should be accorded to SRS's choice of the District of New Jersey as its forum.

Venue is a procedural issue, and, under Erie principles, the assessment of a forum selection clause in diversity actions in federal court is determined by federal law. Jumara, 55 F.3d at 877. As Magistrate Judge Shwartz correctly observed, in our Circuit, forum selection clauses are presumptively valid, and a party opposing one must make a "strong showing" the clause is unreasonable and unenforceable. Coastal Steel Corp. v. Tilghman Wheelabrator, Ltd., 709 F.2d 190, 202 (3d Cir. 1983). In order to make a showing of invalidity, a party must establish that a forum selection clause is the result of fraud or overreaching, that enforcement would violate a strong public policy, or that it would result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable. Id. SRS, neither by its opposition to Airflex's motions, nor by its objections to the Report and Recommendation, argues fraud or overreaching, violation of public policy, or unreasonable inconvenience.

SRS's principal objection to the forum selection clause is that it did not assent to it because it was printed on the reverse side of only one purchase order, which it says it never received. (Defs.' Reply Mem. 5.) The record demonstrates the opposite. SRS submitted the Bellware affidavit that claims SRS never received the purchase order but, contradictorily, attached a March 15, 2002 purchase order containing the clause as Exhibit D. The forum selection clause that SRS thus admits receiving in March 2002 states that "disputes, shall they occur, will be settled in Suffolk County Supreme Court, Riverhead, Long Island."

6

In addition, the March 15, 2002 purchase order refers readers to "see following pages" for additional terms and stated the work must be done "as detailed in the following pages," all of which should have put SRS on notice to review these additional sections. (Exh. D, Bellware Aff.) SRS should also have been aware of the terms of the purchase order, because its identifying number—18464—was printed in the header of the contract submitted as Exhibit C. (Exh. C, Bellware Aff.) It is also noteworthy that SRS negotiated other terms in the purchase order, but did not object to the forum selection clause. (Exh. F, Bellware Aff.) Also, as Magistrate Judge Shwartz rightly concluded, even if the forum selection clause was accepted as a part of an adhesion contract, that fact does not render a forum selection clause unenforceable. See Union Steel Am. Co. v. M/V Sanko Spruce, 14 F. Supp.2d 682, 686 (D.N.J. 1998) ("[Plaintiff] argues that there is no presumption of validity because the forum selection clause at issue is part of an adhesion contract. This argument has been rejected by courts which have considered it."). In sum, the forum selection clause is both valid and enforceable because the record demonstrates SRS's assent. As a result, SRS's choice of forum should be granted less weight in the *forum non conveniens* analysis, and SRS should bear the burden of why the contractual forum clause should not control. Jumara, 55 F.3d at 880 ("[W]hile courts normally defer to a plaintiff's choice of forum, such deference is inappropriate where the plaintiff has already freely contractually chosen an appropriate venue.").

SRS raises an objection to Magistrate Judge Shwartz's interpretation of their challenge to the forum selection clause, "contend[ing] that it never executed that document or expressly assented to the choice of-forum language." Courts facing similar scenarios have given effect to forum selection clauses found in purchase orders under which parties have performed—even unsigned ones. In Roberts & Schaefer Co. v. Merit Contr. Inc., 99 F.3d 248, 252 (7th Cir. 1996),

a purchase order containing a forum selection clause was *unsigned* by Merit, the party objecting to the choice of forum. Merit argued that its performance under the contract did not manifest acceptance of the terms in the purchase order. Merit Contr. Inc., 99 F.3d at 252. The Seventh Circuit rejected Merit's arguments, finding that "Merit's conduct demonstrates that it performed according to the terms embodied in the subsequent contract (i.e., the Purchase Order Documents)." Id. In upholding the forum selection clause, the Merit court reasoned that Merit also manifested performance under the purchase order's terms when it sent correspondence concerning contractual penalties and alteration of work schedules. Id. This Court reaches the same result in that SRS denies it assented to the forum selection clause in a purchase order after negotiating certain of its terms and performing pursuant to them. As Magistrate Judge Shwartz found, SRS did assent to the forum selection clause. Further, contrary to SRS's objection, there was no need to hold an evidentiary hearing, as these matters may be decided at the discretion of the court upon affidavits *or* evidentiary hearing. Significantly, neither party sought an evidentiary hearing. See Gibbs, supra.

SRS also asserts a threadbare objection that the "weight given to the choice-of-forum language by the Magistrate Judge is excessive under Stewart Org., Inc. v. Ricoh Corp.," but fails to provide any reasoning for this objection. In Stewart, the United States Supreme Court explained that 28 U.S.C. § 1404 "is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." Stewart Org., Inc., 487 U.S. at 29. The Stewart Court instructed that a forum selection clause is one element that "will be a significant factor that figures centrally in the district court's calculus." Id. The Court deems SRS's Stewart objection to be without merit, and it adopts Magistrate Judge Shwartz's findings of validity and enforceability. This Court does not

accord "dispositive consideration" to the forum selection clause to run afoul of Stewart, but instead regards it as just one factor, and adopts and incorporates the Magistrate's findings in the *forum non conveniens* analysis.  See Stewart Org., Inc., 487 U.S. at 31-32 ("The forum-selection clause, which represents the parties' agreement as to the most proper forum, should receive neither dispositive consideration (as respondent might have it) nor no consideration").  This Court also rejects SRS's argument that the Magistrate's balancing tests "are without any factual basis in the record."

Under the *forum non conveniens* analysis, the Court must next examine private interest factors, which are: "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive."  Lacey, 862 F.2d at 42 (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)).  This action involves the breach of a construction contract, and will principally require examination of documents and witness testimony.  As Magistrate Judge Shwartz concluded, many of the witnesses will be found in New York—where the contract was performed—and either forum would likely have subpoena power over non-party witnesses.  Further, SRS performed under its contract in New York, and cannot now avoid New York on the basis of inconvenience or expense.  On the contrary, Airflex, which did not physically negotiate or perform any contractual work in New Jersey, would incur greater expense if the forum were outside New York.  Magistrate Judge Shwartz correctly balanced the private factors to find New York a more appropriate forum.

Public interest factors also must be examined, which include: "the administrative difficulties flowing from court congestion; the local interest in having localized controversies

decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." Lacey, 862 F.2d at 48.  Magistrate Judge Shwartz correctly noted that New Jersey has a greater interest in adjudicating the action over New York because SRS's alleged non-payment was suffered by that entity within New Jersey.

In its objections to the Report and Recommendation, SRS complains that Magistrate Judge Shwartz was incorrect in weighing convenience to the jury as a factor.  At most, Judge Shwartz's observation was unnecessary insofar as neither party seeks jury trial.  But this does not affect the soundness of her decision.  In any event, the lack of a jury trial would, at most, render the factor neutral rather than in favor of a New Jersey forum.  The public factors favor a New York forum for this dispute.

SRS also objects on the grounds that transfer to the Eastern District of New York would be preferable.  That option, however, is foreclosed due to the Court's finding that the purchase order contained a valid and enforceable forum selection clause.  SRS's objection on that ground is therefore meritless.

Upon *de novo* review of the law, SRS's objections do not persuade this Court that any result apart from dismissal on the grounds of *forum non conveniens* is appropriate.  As this Court is unable to transfer venue to a non-federal court, the case is dismissed to permit SRS to re-file in the appropriate forum.  Salovaara v. Jackson Nat'l Life Ins. Co., 246 F.3d 289, 298 (3d Cir. 2001) ("Transfer is not available, however, when a forum selection clause specifies a non-federal forum.  In that case, it seems the district court would have no choice but to dismiss the action so it can be filed in the appropriate forum so long as dismissal would be in the interests of justice.")

## IV. CONCLUSION

For the foregoing reasons, Airflex's motion to dismiss for lack of personal jurisdiction is denied. Airflex's motion to dismiss for *forum non conveniens* is granted. An appropriate order will be entered.

Dated: October 30, 2008                     /s/Katharine S. Hayden

                                            Katharine S. Hayden, U.S.D.J.